IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                    No. 1:15-CR-00621-MV

HOUSTON WALL,

    Defendant.

## REPLY TO UNITED STATES' RESPONSE TO MOTION TO RESTORE PLEA AGREEMENT

COMES NOW Defendant Houston Wall, by and through undersigned counsel Peter Schoenburg and Alicia Lopez, and hereby replies to the United States' Response to Mr. Wall's Motion to Restore (Doc. 73).

In reply, counsel states:

1. The Government's Response does not challenge the fundamental underpinnings of Mr. Wall's Motion to Restore.

2. As a threshold matter, Mr. Wall, through counsel, has made extensive disclosures to the United States Probation Office to assist in its preparation of the new Pre-Sentence Investigation Report (PSR) filed on June 12, 2017 (Doc. 70). That new amended PSR is based in large part upon voluminous, organized, and complete disclosures by Mr. Wall as summarized in the instant Motion. *See* Doc. 69 at 8. The submissions included:

    (a.)    a current Net Worth Statement and three-ring binder containing documents supporting Mr. Wall's proposed net-worth figure;

(b.) a letter of March 1, 2017, including a current and recently updated Monthly Cash Flow Statement;

(c.) a letter dated May 24, 2017, containing an organized set of documents summarizing with specific back-up documents the "loss" and "pecuniary gain" calculations pertinent to the Guidelines; and

(d.) a letter dated May 25, 2017, amending the Monthly Cash Flow Statement to reflect the effects of the imminent sale of Mr. Wall's properties in Texas in order to refinance his loans for other farm land and operations nearby, avoiding imminent bankruptcy.

3. Now that the questions, forms and other inquiries by Probation have been completed, a complete set of the above described materials will be provided to the Government. It is worth noting that there is no sentencing date set yet and ample time exists for the Government to review the materials submitted to Probation, assuming it has not already obtained copies from the Probation Office.

4. The Government's response accuses Mr. Wall of having "made arguments that contradicted early admissions regarding the sentence requested based on the offense level." (Doc. 73 at 4). This misperceives Mr. Wall's *legal* arguments (made then and now) regarding the fine amounts to be considered at sentencing. The Court also made reference to proposed fine amounts which the Court felt contradicted Mr. Wall's admissions in the Plea Agreement. *See* September 21, 2016, Hearing Tr. at 6:1-6:10.

5. The "contradiction" identified by the Court and the Government confuses Mr. Wall's acceptance of responsibility for misbranding crops with the statutory basis for the computation of the fine in this case. Computation of the fine is governed by 18 U.S.C. § 3571(d) ("Alternative Fine

Based Gain or Loss"). 18 U.S.C. § 3571(d) provides that the fine amount may be based on "pecuniary gain" *from the offense.* As a legal matter, then, since Mr. Wall pleaded guilty to misdemeanor Misbranding of Food pursuant to 21 U.S.C. § 331(b), Mr. Wall's proposal that the computed fine be limited *to the offense pleaded* to (as specified in 18 U.S.C. § 3571) is not an abdication of responsibility, a failure to admit culpability, or a contradiction of the factual basis of the plea, but rather is an acknowledgment of the legal authority limiting the fine to the pecuniary gain from the offense. The actual pecuniary gain to Mr. Wall – i.e., the difference between the price received from the sale of food items misbranded as organic compared to what their sale price would have been, had they been accurately identified as conventionally grown − should control, in determining the fine based on pecuniary gain under 18 U.S.C. § 3571 (d). Insisting on that formal legal application of the controlling statutory authority is not akin to Mr. Wall's contradicting the factual basis of the Plea Agreement or denying responsibility for his offense.

6. The Government's response also does not contest the fact that no misconduct or efforts to obfuscate, hide, or delay disclosure of the financial documents can be attributable to Mr. Wall. The fact remains that the only evidence of Mr. Wall's *own conduct* with respect to the problems cited by the Court as reasons for rejecting the sentencing agreement came from his then-counsel, Mr. Twohig, who emphasized that the Court should "know that my client has provided everything I have asked him." *See* September 21, 2016 Hearing Tr. at 12:20-12:21. The Government's argument that the statements of an agent of the Defendant are attributable under the hearsay rule is simply not relevant to the instant situation, and does not support giving Mr. Wall a more lengthy prison sentence because of his former counsel's failure to timely answer questions or provide documents requested of him by Probation in an organized fashion.

7. Finally, the unavailability of restitution also does not reflect on whether Mr. Wall deserves a prison sentence or not. Probation found, and the Court concurred, that restitution was impractical in this matter. That is simply the law of the case determined by the Court and its officers and does not reflect poorly on Mr. Wall in a way that would make him ineligible for probation, as provided for in the original sentencing agreement.

## CONCLUSION

For the reasons stated in the instant Motion and above, Mr. Wall requests the Court reconsider its rejection of the sentencing agreement contained within the original Plea Agreement executed by the parties, and accordingly restore that provision for purposes of his upcoming sentencing.

Respectfully submitted,

ROTHSTEIN DONATELLI LLP

/s/ Peter Schoenburg_____
PETER SCHOENBURG
ALICIA C. LOPEZ
500 Fourth Street N.W., Suite 400
Albuquerque, NM 87102
(505) 243-1443
pschoenburg@rothsteinlaw.com
alopez@rothsteinlaw.com

*Attorneys for Houston Wall*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of July, 2017 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul Mysliwiec
Assistant United States Attorney
paul.mysliwiec@usdoj.gov


Kara A. Thomas
United States Probation Officer
kara_thomas@nmcourt.fed.us

                        /s/ Peter Schoenburg_____
                        ROTHSTEIN DONATELLI LLP